**In re SEALED CASE.**

No. 01–1594.

United States Court of Appeals,
Federal Circuit.

June 11, 2002.

Before MAYER, Chief Judge, CLEVENGER, and BRYSON, Circuit Judges.

PER CURIAM.

Plaintiff is a former employee of the Central Intelligence Agency ("CIA") who alleges that he was improperly denied the opportunity to participate in the Federal Employee Retirement System ("FERS"). In a complaint filed in the United States District Court for the District of Columbia, he alleged that as of July 1998 he had completed 13 years of service with the CIA. At that time, he alleges that he was advised that he was eligible to participate in the CIA's "FERS Special Retirement and Disability System," which would treat him as a law enforcement officer for FERS purposes. The agency provided him with two forms: an "Irrevocable Election Form" and a "Service Abroad Agreement," both of which he was told he had to complete in order to participate in the FERS Special Retirement and Disability System. The Service Abroad Agreement required him to agree to serve abroad "anywhere and at any time." He requested that he be designated to participate in the FERS program, but did not submit the completed forms. Apparently because of his failure to complete the two forms, he was not registered in the FERS program.

The Central Intelligence Agency Retirement Act, 50 U.S.C. § 2000 et seq., establishes the Central Intelligence Agency Retirement and Disability System ("CIARDS"). Under the Act, the Director of Central Intelligence may designate employees to participate in CIARDS, as long as the employee has completed five years of qualifying service, which consists of service within the Agency in carrying out duties that the Director determines to be in support of Agency activities abroad that are hazardous to life or health or to be so specialized because of security requirements as to be clearly distinguishable from normal government employment. The Director is authorized to designate partici-

pants from among those eligible under the statute. 50 U.S.C. § 2013. The Director may also designate employees who qualify for participation in CIARDS to participate in FERS. Those employees designated for FERS participation are treated as if they were law enforcement officers. *Id.* § 2152(a). Section 2011(c) of title 50 provides that "any determination by the Director authorized by this chapter shall be final and conclusive and shall not be subject to review by any court."

Notwithstanding the statutory prohibition on review, the plaintiff filed suit in the district court seeking a writ of mandamus directing the CIA Director to designate him as eligible for the FERS program retroactive to August 1998 and seeking "compensatory damage in an amount equal to the actuarial present value of the additional benefits" to which he would have been entitled if he had been designated as a eligible participant at that time. Before the district court, the plaintiff argued that the prohibition on judicial review of "determinations" by the Director applied to determinations of eligibility but not to "designations" of particular employees to participate in the program.

The district court held that the statutory prohibition against judicial review of the Director's determinations applied to designations of employees to participate in the FERS program as well as determinations of employees' eligibility. The court therefore dismissed the action for lack of subject matter jurisdiction. The plaintiff took an appeal to this court.

■ The government argues that we lack jurisdiction over this appeal, and we agree. This court's jurisdiction is defined in 28 U.S.C. § 1295. The only subsection of section 1295 that could conceivably provide a basis for appellate jurisdiction in this case is subsection (a)(2), which grants this court exclusive jurisdiction over appeals from decisions of district courts that are based in whole or in part on the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The Little Tucker Act grants district courts jurisdiction over suits seeking monetary relief, not sounding in tort, in which the plaintiff claims an amount not exceeding $10,000, or in which the plaintiff waives the right to recover more than $10,000. *See Zumerling v. Devine,* 769 F.2d 745, 748 (Fed.Cir.1985).

This case was not brought under the Little Tucker Act. Plaintiff did not allege in his complaint that he sought no more than $10,000, nor has he so alleged in this court, even after the government pointed out the monetary limitation on this court's jurisdiction. We therefore conclude that we lack jurisdiction over this appeal, and we decline to address the merits of the plaintiff's claims. Because we dispose of the case on this ground, we do not address the government's alternative argument—that we lack jurisdiction because the plaintiff's claim is not based on a "money-mandating" statute.

■ The plaintiff argues that if we do not exercise jurisdiction over this case, we should transfer it to the United States Court of Appeals for the District of Columbia Circuit. That court would have jurisdiction to review the decision of the district court dismissing the action for lack of subject matter jurisdiction if the case was not properly before the district court under the Little Tucker Act. The government opposes the transfer request, arguing that we should hold that the appeal is frivolous and that a transfer order would be contrary to the "interest of justice" requirement of the transfer statute, 28 U.S.C. § 1631.

Although we have the authority to decline to transfer a case that otherwise satisfies the requirements of section 1631 if

the claim at issue is truly frivolous, we must be cautious in exercising that authority, because in doing so we would in effect be adjudicating the merits of a claim that Congress has denied us jurisdiction to adjudicate. Without suggesting that we find merit in the plaintiff's appeal, we do not believe the plaintiff's legal theory to be so clearly frivolous as to justify terminating the plaintiff's case without giving him access to a court having jurisdiction to address the merits of his claim. We therefore direct that this case be *transferred* to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631.